UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOSEA, <br> TDCJ # 00711435, | § § § | |
| Petitioner, | § § | |
| VS. | § | CIVIL ACTION NO. 4:20-2722 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner Michael Hosea is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division. Hosea has filed a petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) and an amended petition (Dkt. 7). The respondent has answered and filed a motion to dismiss (Dkt. 16) along with a copy of the state court records (Dkt. 17). Hosea filed a response (Dkt. 22), and the motion is ripe for decision. Having considered the pleadings, the motions and briefing, the applicable law, and all matters of record, the Court will **DISMISS** this case for the reasons explained below.

### I. BACKGROUND

In 1995, Hosea was convicted of murder and sentenced to 40 years in TDCJ in the 232nd District Court of Harris County, Case No. 9415203, Hon. Jimmy James presiding (Dkt. 17-10, at 82-83). In 1997, his conviction was affirmed on direct appeal. *Hosea v. State*, No. 01-95-00358-CR, 1997 WL709453 (Tex. App.–Hou. [1st Dist.] Nov. 6, 1997, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary

review (Dkt. 17-21) (PD-1820-98). Hosea subsequently filed two additional appeals, which the First Court of Appeals dismissed. *See* Hosea *v. State*, No. 01-12-00918-CR, 2012 WL 5878117 (Tex. App.–Hou. [1st Dist.] Nov. 21, 2012, no pet.); *Hosea v. State*, No. 01-11-01050-CR, 2012 WL 2345351 (Tex. App.–Hou. [1st Dist.] June 21, 2012, no pet.).

Hosea's conviction has been upheld on state and federal habeas review. Hosea filed multiple state habeas applications, all of which were denied on the merits or dismissed. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited June 30, 2021) (WR-38,256-03; WR-38,256-04; WR-38,256-05; WR-38,256-06; WR-38,256-07; WR-38,256-08; WR-38,256-09; WR-38,256-10; WR-38,256-12). The Texas Court of Criminal Appeals dismissed his twelfth writ as an abuse of the writ. *Ex parte Hosea*, No. WR-38,256-12, 2019 WL 3944017 (Tex. Crim. App. Aug. 21, 2019).

In 2014, Hosea filed a federal habeas petition challenging his 1995 conviction, which the court dismissed as time-barred. *See Hosea v. Stephens,* Civil Action No. 4:14-0751, 2014 WL 2155032 (S.D. Tex. May 21, 2014). In 2018, Hosea filed a federal petition regarding release to mandatory supervision, which the court also dismissed as time-barred. *See Hosea v. Davis*, Civil Action No. 4:17-2553, 2018 WL 1353308 (S.D. Tex. Mar. 14, 2018).

Hosea executed his current federal petition on July 30, 2020, and executed an amended petition on August 12, 2020 (Dkt. 1; Dkt. 7). He seeks to challenge his 1995

conviction, bringing claims of an improper jury charge and that his trial counsel was constitutionally ineffective (Dkt. 1, at 6; Dkt. 7, at 7; Dkt. 14).

## II. DISCUSSION

This case is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), codified as amended at 28 U.S.C. § 2241 *et seq*. Because Hosea's current petition challenges his conviction and sentence from 1995, his claim is barred by AEDPA's one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Hosea's petition presents no valid argument for timeliness under § 2244(d) or for statutory or equitable tolling of the limitations period. More importantly, Hosea has previously brought federal habeas corpus proceedings challenging his 1995 conviction.

AEDPA imposes restrictions on "second or successive" applications for habeas relief. Before a second or successive application permitted by AEDPA may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If a pending petition qualifies as a successive writ application, this court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit. "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). A prisoner's application is not "second or successive" merely because it follows an earlier petition, but rather when it either: (1) "raises a claim challenging the petitioner's conviction or

sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Cain*, 137 F.3d at 235; s*ee Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012). A petitioner seeking authorization to file a successive petition must seek that authorization from the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A).

Hosea's petition in this case meets the second-or-successive criteria. *See Crone v. Cockrell*, 324 F.3d 833, 837-38 (5th Cir. 2003). To the extent his petition re-urges habeas claims that were dismissed in his earlier federal proceedings, his claims must be dismissed. *See* 28 U.S.C. § 2244(b)(1) ("A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed"). To the extent he brings new habeas claims, Hosea acknowledges that he has not received authorization from the Fifth Circuit to file his current petition (Dkt. 7, at 10). Therefore, even assuming that Hosea could satisfy the strict standards in 28 U.S.C. § 2244(b)(2) for new claims, this Court would lack jurisdiction over the claims. *See* 28 U.S.C. § 2244(b)(3)(A); *Adams*, 679 F.3d at 321; *Crone*, 324 F.3d 837-38.

Because the appellate court has not authorized a successive petition, this Court lacks jurisdiction over Hosea's habeas claims challenging his 1995 conviction and sentence. Therefore, the Court will dismiss this habeas action as an unauthorized successive writ.

## III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537

U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This habeas action is **DISMISSED** without prejudice as an unauthorized successive petition.

2. All pending motions, if any, are **DENIED as moot**.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, this 30th day of June, 2021.

                                          GEORGE C. HANKS, JR.
                                          UNITED STATES DISTRICT JUDGE